REQUESTED BY: Richard Biles, Executive Director, Nebraska State Board of Public Accountancy
Whether the issuance of a `compilation report' by an individual unlicensed to practice public accountancy in this state violates Neb.Rev.Stat. § 1-157 (Reissue 1977), which limits the use of the words `accountant' and `auditor.'
Probably not.
In your letter of May 12, 1983, you ask whether the issuance of a `compilation report' by an individual unlicensed to practice public accountancy in this state violated Neb.Rev.Stat. § 1-157 (Reissue 1977). This statute provides in pertinent part:
 No person shall sign or affix his name . . . with any wording indicating that he is an accountant or auditor, or with any wording indicating that he has expert knowledge in accounting or auditing, to any accounting or financial statement, or to any opinion on, report on, or certificate to any accounting or financial statement, unless he holds a live permit to practice public accountancy.
You included a copy of the compilation report in question with your letter. The preparer had utilized information furnished to him by the entity for which he was preparing the report and assembled a bank reconciliation for one year and a statement of cash receipts and disbursements. Neither of those statements bore any signature or indication or their source. They were accompanied by a document headed `compilation report,' which read as follows:
 The accompanying Cash Flow Sheet of name of entity as of date for the period then ended has been compiled by me.
 A compilation is limited to presenting in the form of financial statements information that is the representation of owners. I have not audited or reviewed the accompanying financial statements and, accordingly, do not express an opinion or any other form of assurance on them. ____________________________ Name of Preparer
Although it is a close question, we have determined that the issuance of the above quoted `compilation report' was not violative of Neb.Rev.Stat. § 1-157.
We were somewhat reluctant to reach this conclusion because the disclaimer of opinion used by the unlicensed individual would suggest that although the preparer did not audit or review the accompanying financial statements, hecould have. Similarly, it also suggests that had he audited the financial statements he would have been capable of rendering a competent opinion or some form of assurance on them. Because of these inferences, a court might determine that the individual used wording indicating that he was an accountant or auditor or has expert knowledge in those areas. We also understand that certified public accountants use similar disclaimers in some of their audit reports. The use of this language by the unlicensed individual, then, would seem to present a situation where the persons reading the report could easily be misled as to the qualifications or certification of the preparer.
In spite of the foregoing, we came to the conclusion we did for the following reasons. Neb.Rev.Stat. § 1-157 does not prohibit an unlicensed person from preparing any accounting or financial statement, or issuing an opinion, report on, or even a certificate to, such statement. Instead, it appears to only prohibit the preparer from expressly holding himself out as an `accountant,' `auditor,' or an expert in those areas. The preparer here has made no such express assertions. Since Neb.Rev.Stat. § 1-166 imposes criminal sanctions for violations of Neb.Rev.Stat. § 1-157, this statute must be strictly construed and will be held not to encompass acts not expressly within its terms.
Also, it would seem incongruous to find that the unlicensed person violated a statute which was designed to protect the public from misplaced reliance on financial information when the preparer clearly indicated in the disclaimer that the statements were unaudited and he could not give any assurances concerning their accuracy.
Very truly yours, PAUL L. DOUGLAS Attorney General Mark D. Starr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General